### RIGHTS OF FRATERNAL BENEFICIAL ASSOCIATIONS.

Common Pleas Court of Franklin County.

STATE, EX REL GRAND FRATERNITY, v. CHARLES C. LEMERT.

Decided, June 1, 1910.

*Mutual Benefit Societies—Mandamus to Compel Issuance of a License to a Foreign Fraternal Association—Construction of Sections 9469 and 9470.*

1. It is not in contravention of the laws of this state for a fraternal beneficial association, chartered under the laws of Pennsylvania, to issue certificates in this state which contain provisions for payment to its members of cash surrender values, loan values, paid-up insurance and dividends arising from accumulated savings from death losses and expenses.
2. Where the certificate of such an association sets forth that its constitution and by-laws are made a part thereof, and there is a provision in said constitution and by-laws as to extra assessments, it is not necessary that the certificate set forth such provision.
3. In an action in mandamus to compel the superintendent of insurance to renew the license of such an association to do business in this state, want of an averment in the answer that notice was duly given to the officers of the association that its license would not be renewed on expiration, makes the answer bad on demurrer.

*Smith W. Bennett,* for plaintiff.

*U. G. Denman,* Attorney-General, and *Justice Wilson,* contra.

EVANS, J.

This is a proceeding in mandamus. Plaintiff seeks a writ of mandamus to command the defendant, as such superintendent, to immediately issue to relator a renewal of its license to carry on business in this state for one year from April 1, 1909, or to show cause why he does not issue to relator a certificate or license so to do.

Relator is a foreign fraternal beneficial association, with its principal office in Philadelphia, and is organized and incorporated pursuant to the laws of the state of Pennsylvania.

Defendant, in his answer to the petition, sets up four separate defenses. To each of said defenses of the answer plaintiff demurs. This hearing is on said demurrer to said answer.

The pleadings show that relator has complied with all the statutory requirements of this state to authorize a fraternal beneficial association of another state to do business in Ohio, unless it be in some one or more of the particulars complained of by defendant in said answer.

The grounds of dissatisfaction on the part of said superintendent, on which he relies to show cause why plaintiff, the relator, should not be licensed to continue to do business in this state, as set forth in the answer, are as follows:

1. Because relator issues to its members certain forms of certificates known as twenty annual payment life certificates of membership, death benefit certificates of membership and combination benefit certificates of membership; that said certificates contain provision for the payment to its members of cash surrender values, loan values, paid up insurance and dividends from the accumulated savings from death losses and expenses, in excess of its powers and the laws of this state.

2. Because relator, by the issuing of such certificates containing such provisions, is conducting business fraudulently, in that said provisions of said forms of certificates are so worded and calculated as to deceive the holders or owners of such certificates to the belief that relator company is thereby bound to, and will, pay to such certificate holders certain sums of money as pretended to be shown by a so-called table of "reserve credits,"

which is set forth and appears on the backs of said certificates, whereas relator is, by the provisions of said certificates, in nowise bound to the certificate holders' for the payment of any fixed or certain amount of money as a reserve credit on such certificates.

3. Because, if the regular payments or assessments on such certificates are insufficient to pay all matured death or disability claims in full, and to provide for the creation and maintenance of the funds provided by its constitution and laws, there is no provision in said certificates for extra assessments to be levied upon the members to meet such deficiency.

The above constitutes the substance of the grounds assigned by defendant for refusing to grant said license to relator. It is not claimed that relator has not complied with the statutes in any other respect.

It is claimed by defendant that no provision is made in said legislative act for the payment of such benefits as relator provides for, and claims that General Code, 9466, places a limitation on such benefits.

The facts here show that said form of insurance is in conformity with the laws of the state of Pennsylvania and that plaintiff is empowered and authorized under its charter to lawfully provide for such form of insurance in said state.

I am of the opinion that the important question in this connection in order to determine if said company is qualified under the laws of this state to provide for such form of insurance here, is whether it provides for the accumulation of a fund to meet its liabilities and comply with its contracts in that respect with its members without drawing from the fund for death benefits.

It is claimed by plaintiff that Section 9 of act 97 O. L., 423 (General Code, 9470), is authority for this form of reserve credits, and for the creation of funds to meet such contract obligations.

This is disputed by defendant, who claims that said section provides only for an emergency fund for the benefit of the association alone, and that the members are not entitled to any apportionment thereof

Said Section 9 is as follows:

"Any association may create, maintain, disburse and apply a reserve, emergency or surplus fund in accordance with its constitution and laws not inconsistent with the provisions of this chapter. Unless otherwise provided in the contract, such funds must be held, invested and disbursed for the use and benefit of the association, and no member or beneficiary shall have or acquire any individual rights therein, or be entitled to an apportionment or the surrender of any part thereof. The funds from which benefits shall be paid and the funds from which the expenses of the association defrayed, shall be derived from periodical or other payments by the members of the association and accretions of such funds."

If the Legislature intended to restrict the application of such funds to the association alone, and not, under any circumstances, the beneficiaries, I am at a loss to apply the legislative meaning of the words therein used, "unless otherwise provided in the contract." This evidently means contracts with its members, and is intended to qualify the use for which such funds may be applied.

I am of the opinion that when such a fraternal beneficial association contracts with its members for the character of insurance such as here in question, and contracts for the application of the funds created under the authority of said Section 9 of said act, that the association is authorized so to do, and would hereby be obligated to so apply said funds in accordance with such contract, and, in that event, the funds are not emergency funds for the use of the association alone.

If the association provides for the raising of funds to meet its obligations by contract with its members for such cash surrender values, loan values, paid-up insurance and dividends, etc., and is, as pleaded herein and admitted by the demurrer, authorized so to do by its charter and by the laws of the state under which it is chartered, I am of the opinion it can provide such insurance in this state unless our statute is prohibitory.

I find no statute in this state, and none has been called to my attention, prohibiting such insurance as we have here in question. The Supreme Court in the case of *State* v. *Insurance Co.*, 69 Ohio St., 317, held that in the absence of any statute in Ohio prohibiting life insurance companies from doing an employer's

liability insurance in this state, a life insurance company incorporated and organized under the laws of a sister state and empowered by its charter to engage in the business of employer's liability insurance, may, by the comity that prevails between the states, be licensed and permitted to transact such business in this state, although our statute has not in express terms conferred upon domestic life insurance companies authority to engage in or transact that particular kind of insurance.

This case is authority on the question whether foreign insurance companies, so authorized by charter, may, as a matter of comity, transact such business in this state, although such forms of insurance are not provided for domestic companies. I see no legal objection to the application of this doctrine to fraternal beneficial associations, where the foreign beneficial association is authorized and chartered by the laws of its state to transact such form of insurance, and has provided a fund for such insurance. The fact that domestic beneficial insurance companies are not authorized so to do by the laws of this state would not, in the absence of a statute prohibiting such foreign associations from so doing, exclude the latter from conducting such business in this state, where they have complied with the laws of the state pertaining to such foreign companies.

Another defense alleged is that the relator makes no provision in the certificates of membership issued by it for extra assessments to be levied upon the members to meet deficiencies if the regular payments or assessments are insufficient.

Section 17 of said act (General Code, 9486) provides, among other things, that before a foreign association can be authorized to do business in this state it shall file with the superintendent a duly certified copy of its charter or articles of association, a copy of its constitution or laws, certified by its secretary or corresponding officer, etc. The petition alleges that said relator has complied with all of the requirements of said legislative act in said respects.

Section 9 (General Code, 9471) provides, among other things, that:

"Every contract hereafter made between such association and its members shall provide that if such regular payments are

insufficient to pay all matured death and disability claims in full and to provide for the creation and maintenance of the funds required by its constitution and laws, extra assessments may be levied upon the members to meet such deficiency.''

It is claimed that by an amendment of the constitution of the relator company it is provided for fixing, adjusting and regulating the dues of each member, and for increasing the same if the regular payments are insufficient to pay all matured death and disability claims in full, and to provide for the creation and maintenance of the funds required by the constitution and by-laws of said association.

Section 8 (General Code, 9469) provides, among other things, that:

''The certificate, the charter or articles of association, the constitution and laws of the association, and the application for membership and medical examination, signed by the applicant shall constitute the contract between the association and the member.''

Said provision for extra assessments if the regular payments are insufficient is not embodied in the certificates of members. It is contended by defendant that under the statute such should appear not only in the constitution and laws of relator corporations, but also should be set forth on the back of such certificates.

It will be observed that Section 9 does not provide that such provision shall appear in or on the certificate, but does provide that it shall be provided in every contract between such association and its members.

The certificate specifies that the constitution and by-laws of said association are made a part of said certificate as fully as if set forth therein at large, and the statute, as heretofore stated, makes the constitution and by-laws a part of the contract.

I am of the opinion that said provision being embodied as a part of the constitution, and the constitution being by law and by express reference in the certificate made a part of the contract, that such answers the requirements of the statute with as full force and effect as if said provision was fully stated on the back of the certificate; said Section 9 of said act is complied with when said requirement is provided in the contract. In this case

such is a part of the contract, and it is not, in my opinion, any less so because said constitutional provision is not also recited in the certificate.

The remaining question is as to the sufficiency of said defense that said relator company is conducting its business fraudulently in that the provisions of its said forms of certificates are so worded and calculated as to deceive the holders thereof to the belief that relator is bound to and will pay thereon certain sums of money as pretended to be shown by a table of "reserve credits" set forth on the back of the certificate, whereas it, by said provisions, is in nowise bound thereon for the payment of any fixed or certain amount of money as a reserve credit.

Section 28 (General Code, 9504) embodies whatever authority the superintendent has to revoke the authority of a foreign association to continue business in this state.

Both Section 25 (General Code, 9500), applicable to domestic associations, and Section 28 (General Code, 9504), applicable to foreign associations, contemplate notice and a hearing, in the former by proceedings in *quo warranto* in a court of competent jursidiction, and in the latter by notice to some leading officer of the association, stating in writing the grounds of dissatisfaction of the superintendent, affording to such associations an opportunity to show cause on a date named in such notice why its license should not be revoked.

The defendant claims that inasmuch as he has not revoked the license of the relator, and that such is not the complaint, but that it is for the refusing to renew the license for the year in question, that it is not jurisdictional to his power to so refuse that he first afford such association an opportunity for a hearing on, by such notice in writing to such association, of the grounds of dissatisfaction. In other words, defendant claims that such want of notice is defensive.

I am of the opinion that, as the admitted facts show that relator was duly licensed to carry on its business within this state on April 21, 1905, and was, at the time of taking issue herein, duly licensed to do and engage in the business of a fraternal association within this state, and was, at said time, and for many years prior thereto had been, carrying on its business in this

state, and continues to do so now, that said section of this statute did not contemplate that the business of such an association could be discontinued without such notice, and an opportunity first offered it for a hearing on the grounds of complaint and dissatisfaction. The pleadings show that the grounds of dissatisfaction existed before the date of the expiration of the license, and before the date for renewal for the year 1909. Under such circumstances Section 28 (General Code, 9504) makes it mandatory on the part of the superintendent to give such notice to the officers of such association. He would have no authority to revoke the license without an opportunity for a hearing by the association, nor could such notice and opportunity be dispensed with where the grounds of complaint existed by awaiting the expiration of the license, and their refusing to give the license.

Hence, the statutory requirement for such notice was jurisdictional, and for want of an averment in said defense of such notice in writing to such officer of relator's company, said defense does not state sufficient facts to constitute a defense on that ground.

I am of the opinion, on a full consideration of this demurrer, and the questions involved, both from the statutes in this state and the authorities cited, that the several defenses pleaded in the answer do not state sufficient grounds to justify the defendant to revoke or refuse to grant relator a license or certificate to authorize relator to transact its said business in this state.

For the above reasons the demurrer to the answer and to the several defenses is sustained.